Slip Op. 19-63

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SOLARWORLD AMERICAS, INC., <br><br> Plaintiff, <br><br> SINO-AMERICAN SILICON PRODUCTS INC. and SOLARTECH ENERGY CORP., <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> MOTECH INDUSTRIES, INC., KYOCERA SOLAR, INC., and KYOCERA MEXICANA S.A. DE C.V., <br><br> Defendant-Intervenors. | Before: Jennifer Choe-Groves, Judge <br><br> Consol. Court No. 17-00208 |

# OPINION

[Sustaining the U.S. Department of Commerce's remand results on the administrative review of the antidumping duty order on certain crystalline silicon photovoltaic products from Taiwan.]

Dated: May 22, 2019

Timothy C. Brightbill, Adam M. Teslik, Cynthia C. Galvez, Laura El-Sabaawi, Maureen E. Thorson, Tessa V. Capeloto and Usha Neelakantan, Wiley Rein, LLP, of Washington, D.C., for Plaintiff SolarWorld Americas, Inc.

Robert G. Gosselink, Jarrod M. Goldfeder, and Jonathan M. Freed, Trade Pacific, PLLC, of Washington, D.C., for Consolidated Plaintiffs and Defendant-Intervenors Sino-American Silicon Products Inc. and Solartech Energy Corp. and Defendant-Intervenor Motech Industries, Inc.

Reginal T. Blades, Jr., Assistant Director, and Stephen C. Tosini, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With them on the brief were Joseph H. Hunt, Assistant Attorney General, and Jeanne E. Davidson, Director. Of counsel on the brief was Reza Karamloo, Office of the Chief Counsel for Trade and Enforcement Compliance, U.S. Department of Commerce, of Washington, D.C.

James K. Horgan, Alexandra H. Salzman, Gregory S. Menegaz, and John J. Kenkel, deKieffer & Horgan, PLLC, of Washington, D.C., for Defendant-Intervenors Kyocera Solar, Inc. and Kyocera Mexicana S.A. de C.V.

     Choe-Groves, Judge: This case involves crystalline silicon photovoltaic products (typically, solar cells) from Taiwan. The Department of Commerce ("Commerce") conducted an administrative review of the antidumping duty order on crystalline silicon photovoltaic products, in which Commerce concluded that two producers, Sino-American Silicon Products Inc. ("SAS") and its affiliated entity Solartech Energy Corp. ("Solartech") (collectively, "SAS-Solartech"), and Motech Industries, Inc. ("Motech") sold the subject merchandise at prices below the normal value during the period of review. See Certain Crystalline Silicon Photovoltaic Products From Taiwan, 82 Fed. Reg. 31,555 (Dep't Commerce July 7, 2017) (final results of antidumping duty administrative review; 2014–2016) ("Final Results").

     Before the court are the Final Results of Redetermination Pursuant to Court Order, Feb. 15, 2019, ECF No. 81 ("Remand Results"), filed by Commerce as directed in the court's prior opinion. See SolarWorld Americas, Inc. v. United States, 42 CIT __, 353 F. Supp. 3d 1315 (2018) ("SolarWorld I"). For the reasons that follow, the court sustains Commerce's Remand Results.

**PROCEDURAL HISTORY**

     In SolarWorld I, SAS-Solartech filed a Rule 56.2 motion for judgment on the agency record contesting Commerce's decision to include in its margin calculation for the Final Results

certain sales made via United States free trade zones ("FTZs") to Mexico. SolarWorld I, 42 CIT at __, 353 F. Supp. 3d at 1319. SAS-Solartech argued that Commerce unreasonably ignored evidence establishing that SAS knew at the time of sale that its merchandise entered United States FTZs in transit, but was destined for sale in Mexico. Id. at __, 353 F. Supp. 3d at 1322. The court concluded in Solar World I that Commerce's decision to include the sales at issue in its margin calculation was not supported by substantial evidence because SAS-Solartech cited four documents on the record that demonstrated that SAS knew at the time of sale that its merchandise was ultimately shipped to Mexico, including: (1) verbal instruction from its customers that the final destination of the merchandise was Mexico; (2) SAS' knowledge that its customers had manufacturing facilities in Mexico; (3) the sales documentation generated at the time of sale listed "Mexico as the ultimate 'ship to' destination and a Mexican entity as the 'notify' party, meaning that a Mexican entity was the intended recipient of the merchandise;" and (4) the United States addresses on the sales documentation were of "consignee freight forwarders that operated within approved" United States FTZs. See id. at __, 353 F. Supp. 3d at 1322–23. The court remanded this matter for Commerce to reassess its inclusion of certain sales made by SAS in its dumping calculation. Id. at __, 353 F. Supp. 3d at 1323.

On remand, Commerce excluded the sales at issue from its dumping calculation for SAS-Solartech. See Remand Results at 3. SAS-Solartech's dumping margin changed from 3.56% to 1.52%. Id. at 4. SAS-Solartech's dumping margin served as part of the basis for the rate for non-selected companies, and the rate for non-selected companies changed from 4.10% to 3.78%. See id.

Plaintiff SolarWorld Americas, Inc. ("Plaintiff") and Defendant-Intervenors Motech Industries, Inc., Kyocera Solar, Inc., and Kyocera Mexicana S.A. de C.V. (collectively,

"Defendant-Intervenors") did not file any comments in response to the Remand Results. Consolidated Plaintiffs SAS-Solartech and Defendant United States request that the court sustain the Remand Results. See Comments Consol. Pls., Sino-American Silicon Products Inc. and Solartech Energy Corp., Commerce's Remand Redetermination, Mar. 13, 2019, ECF No. 83; Def.'s Resp. Comments Regarding Remand Redetermination, Apr. 3, 2019, ECF No. 84.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 28 U.S.C. § 1581(c) (2012) and Sections 516A(a)(2)(A)(i)(I) and (B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (B)(iii). The court shall hold unlawful any determination, finding, or conclusion found to be unsupported by substantial evidence on the record, or otherwise not in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i).

## ANALYSIS

The court found in SolarWorld I that substantial evidence did not support Commerce's decision to include certain SAS sales allegedly destined for Mexico via United States Free Trade Zones in Commerce's United States price calculations. See SolarWorld I, 42 CIT at __, 353 F. Supp. 3d at 1323. Evidence on the record established sales to customers in Mexico and demonstrated that the merchandise was shipped to addresses of United States FTZs, with no actual United States customers identified and no evidence showing that merchandise entered the United States customs territory for sale. Id.

On remand, Commerce excluded the sales at issue from its dumping calculation for SAS-Solartech. See Remand Results at 3. The court must determine whether the evidence and reasonable inferences from the record support Commerce's findings. Daewoo Elecs. Co. v. Int'l Union, 6 F.3d 1511, 1520 (Fed. Cir. 1993) (citing Matsushita Elec. Indus. Co. v. United States,

750 F.2d 927, 933 (Fed. Cir. 1984)).  Because evidence on the record established sales to customers in Mexico via United States FTZ addresses, with no actual United States customers identified and no evidence showing that merchandise entered the United States customs territory for sale, the court concludes that Commerce's exclusion of the sales at issue is reasonable.

SAS-Solartech does not challenge the Remand Results.  Plaintiff and Defendant-Intervenors do not challenge the Remand Results and have waived any objections by declining to submit comments on the Remand Results to the court.  See United States v. Great Am. Ins. Co. of N.Y., 738 F.3d 1320, 1328 (Fed. Cir. 2013) ("It is well established that arguments that are not appropriately developed in a party's briefing may be deemed waived.").  The court sustains Commerce's Remand Redetermination.

Judgment will be entered accordingly.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated:   May 22, 2019
New York, New York